# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
MICHAEL RYAN § Case No. 15-04948
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/16/2015. The undersigned trustee was appointed on 02/16/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 59,852.34 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 1,853.00 |
| Bank service fees | | 710.98 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 57,288.36 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/28/2015 and the deadline for filing governmental claims was 07/28/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,242.62 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,242.62 , for a total compensation of $ 6,242.62 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/31/2016                By: /s/Miriam R. Stein
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-04948 | CAD | Judge: | Carol A. Doyle | Trustee Name: | Miriam R. Stein |
|---|---|---|---|---|---|---|
| Case Name: | MICHAEL RYAN | | | | Date Filed (f) or Converted (c): | 02/16/2015 (f) |
| | | | | | 341(a) Meeting Date: | 03/18/2015 |
| For Period Ending: | 03/31/2016 | | | | Claims Bar Date: | 07/28/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CHECKING ACCOUNT | 1,400.00 | 0.00 | | 0.00 | FA |
| 2. LABTOP | 100.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS AND FURNISHINGS | 300.00 | 0.00 | | 0.00 | FA |
| 4. WEARING APPAREL | 500.00 | 0.00 | | 0.00 | FA |
| 5. WATCH | 50.00 | 0.00 | | 0.00 | FA |
| 6. MONY LIFE INSRUANCE POLICY NUMBER 1191 65 98 | 58,231.00 | 58,231.00 | | 59,852.34 | FA |
| 7. HARTFORD ROTH XXXX6705 | 7,411.00 | 0.00 | | 0.00 | FA |
| 8. WELLS FARGO ROTH, 30 S. WACKER DR., SUITE 4000, CHICAGO, IL. | 99,002.00 | 0.00 | | 0.00 | FA |
| 9. IRA WLLS FARGO, 300 S. WACKER, SUITE 4000, CHICAGO, IL. 6060 | 22,521.00 | 0.00 | | 0.00 | FA |
| 10. ROTH IRA FIDELITY INVESTMENTS XXXX2972 | 28,600.00 | 0.00 | | 0.00 | FA |
| 11. JEFFERSON IRA SEP, XXXX5000, JEFFERSON NATIONAL LIFE, PO BO | 28,233.00 | 0.00 | | 0.00 | FA |
| 12. MJR INC. | 100.00 | 0.00 | | 0.00 | FA |
| 13. OTHER LIQUIDATED DEBTS OWED DEBTOR - STEVE MILLER | 50,000.00 | 50,000.00 | | 0.00 | FA |
| 14. 2005 MERCEDES | 4,000.00 | 500.00 | | 0.00 | FA |
| 15. VARIOUS POWER TOOLS | 750.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $301,198.00   $108,731.00   $59,852.34   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

THE TRUSTEE HAS LIQUIDATED WHOLE LIFE POLICY. ACCOUNTANT IS PREPARING TAX RETURNS AND TRUSTEE WILL THEN PREPARE TFR. PRIOR TO JANUARY 2016, TRUSTEE WAS REVIEWING THE POTENTIAL FOR COLLECTION OF ADDITIONAL ASSETS RELATING TO FORMER CORPORATE HOLDINGS OF DEBTOR, BUT THEY APPEAR NOT TO HAVE SUFFICIENT VALUE. CASE READY FOR TAX RETURN UPON RECEIPT OF AMENDED 1099 FROM INSURANCE COMPANY.

Exhibit A

RE PROP #        6    --    EXEMPTION DENIED BY ORDER DATED 4/23/15.

Initial Projected Date of Final Report (TFR): 06/30/2016        Current Projected Date of Final Report (TFR): 06/30/2016

Case 15-04948   Doc 34   Filed 04/20/16   Entered 04/20/16 11:05:47   Desc Main
Document   Page 5 of 12

Page: 1

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 15-04948 | Trustee Name: | Miriam R. Stein |
| Case Name: | MICHAEL RYAN | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX8671 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX4492 | Blanket Bond (per case limit): | |
| For Period Ending: | 03/31/2016 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/26/15 | 6 | MONY Life Insurance Company 2801 Highway 280 South Birmingham, AL 35223 | Liquidated whole life insurance policy | 1129-000 | $59,852.34 | | $59,852.34 |
| 06/05/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.48 | $59,840.86 |
| 07/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $86.07 | $59,754.79 |
| 08/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.84 | $59,665.95 |
| 09/08/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.71 | $59,577.24 |
| 10/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $85.72 | $59,491.52 |
| 11/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.45 | $59,403.07 |
| 12/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $85.46 | $59,317.61 |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.19 | $59,229.42 |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.06 | $59,141.36 |
| 03/15/16 | 101 | U.S. Treasury Department of the Treasury Internal Revenue Service Center Cincinnati, OH 45999-0148 | Taxes Tax liability incurred due to liquidation of Debtor's whole life insurance policy. | 2810-000 | | $1,853.00 | $57,288.36 |
| | | | COLUMN TOTALS | | $59,852.34 | $2,563.98 | |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $59,852.34    $2,563.98

Page: 2

|  |  |  |
|---|---:|---:|
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $59,852.34 | $2,563.98 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $59,852.34 | $2,563.98 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8671 - Checking | $59,852.34 | $2,563.98 | $57,288.36 |
| | $59,852.34 | $2,563.98 | $57,288.36 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $59,852.34 |
| Total Gross Receipts: | $59,852.34 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-04948  
Debtor Name: MICHAEL RYAN  
Claims Bar Date: 7/28/2015  

Date: March 31, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Miriam R. Stein<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Administrative | | $0.00 | $6,242.62 | $6,242.62 |
| 100 2810 | U. S. Treasury<br>Internal Revenue Service<br>Cincinnati, OH | Administrative | | $0.00 | $1,853.00 | $1,853.00 |
| 100 3210 | William J. Factor Ltd.<br>105 W. Madison St.<br>Suite 1500<br>Chicago, IL  60602 | Administrative | | $0.00 | $3,810.00 | $3,810.00 |
| 100 3410 | ALAN D. LASKO &<br>ASSOCIATES P. C.<br>205 WEST RANDOLPH STREET<br>SUITE 1150<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $2,172.30 | $2,172.30 |
| 100 3420 | ALAN D. LASKO &<br>ASSOCIATES P. C.<br>205 WEST RANDOLPH STREET<br>SUITE 1150<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $17.30 | $17.30 |
| 5 280 5800 | DEPARTMENT OF THE<br>TREASURY<br>INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Priority | | $0.00 | $8,717.00 | $8,717.00 |
| 1 300 7100 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>PO BOX 3025<br>NEW ALBANY, OH 43054-3025 | Unsecured | | $0.00 | $4,771.44 | $4,771.44 |
| 2 300 7100 | CAPITAL ONE BANK USA, N.A.<br>Capital One Bank (Usa), N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $2,976.59 | $2,976.59 |
| 3 300 7100 | SYNCHRONY BANK<br>C/O RECOVERY<br>MANAGEMENT SYSTEMS<br>CORP<br>25 SE 2ND AVE SUITE 1120<br>MIAMI FL 33131-1605 | Unsecured | | $0.00 | $2,526.80 | $2,526.80 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-04948  
Debtor Name: MICHAEL RYAN  
Claims Bar Date: 7/28/2015  
Date: March 31, 2016

| Code# | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 4 / 400 / 4110 | BAYVIEW LOAN SERVICING, LLC<br>C/O JOHN CONWAY<br>SULLIVAN HINCKS & CONWAY<br>120 W. 22ND STREET, SUITE 100<br>OAK BROOK, IL 60523 | Secured | | $0.00 | $257,292.84 | $257,292.84 |
| | Case Totals | | | $0.00 | $290,379.89 | $290,379.89 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-04948
Case Name: MICHAEL RYAN
Trustee Name: Miriam R. Stein

Balance on hand $ 57,288.36

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 4 | BAYVIEW LOAN SERVICING, LLC | $ 257,292.84 | $ 257,292.84 | $ 0.00 | $ 26,054.31 |

Total to be paid to secured creditors    $ 26,054.31

Remaining Balance    $ 31,234.05

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Miriam R. Stein | $ 6,242.62 | $ 0.00 | $ 6,242.62 |
| Attorney for Trustee Fees: William J. Factor Ltd. | $ 3,810.00 | $ 0.00 | $ 3,810.00 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES P. C. | $ 2,172.30 | $ 0.00 | $ 2,172.30 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES P. C. | $ 17.30 | $ 0.00 | $ 17.30 |
| Other: U. S. Treasury | $ 1,853.00 | $ 1,853.00 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses    $ 12,242.22

Remaining Balance    $ 18,991.83

UST Form 101-7-TFR (5/1/2011) *(Page: 10)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 8,717.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | DEPARTMENT OF THE TREASURY | $ 8,717.00 | $ 0.00 | $ 8,717.00 |

| | |
|---|---|
| Total to be paid to priority creditors | $ 8,717.00 |
| Remaining Balance | $ 10,274.83 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 10,274.83 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 4,771.44 | $ 0.00 | $ 4,771.44 |
| 2 | CAPITAL ONE BANK USA, N.A. | $ 2,976.59 | $ 0.00 | $ 2,976.59 |
| 3 | SYNCHRONY BANK | $ 2,526.80 | $ 0.00 | $ 2,526.80 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 10,274.83 |

    Remaining Balance                                                   $_____0.00_

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

    Tardily filed general (unsecured) claims are as follows:

                                                             NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

                                                             NONE