IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-04948 |
| | ) | |
| MICHAEL RYAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: May 25, 2016 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Courtroom:    742 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Miriam R. Stein, Chapter 7 Trustee for the estate of Michael Ryan |
| Period for Which Compensation is Sought: | March 18, 2015, through March 24, 2016 |
| Amount of Fees Sought: | $ 3,810.00 |
| Amount of Expense Reimbursement Sought: | $ 0.00 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $   0.00   .

{STEIN/GENERAL/00045964.DOCX/}                1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-04948 |
| | ) | |
| MICHAEL RYAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:** May 25, 2016 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Courtroom:**    742 |

### NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that on **May 25, 2016, at 10:30 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other judge sitting in her place and stead, and shall then and there present the attached **First and Final Fee Application of FactorLaw**, a copy of which is attached hereto and herewith served upon you. You may appear if you so choose.

Dated: April 20, 2016

                                                                                 **FACTORLAW**

                                                                                 By: */s/ Ariane Holtschlag*
                                                                                             One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-04948 |
| | ) | |
| MICHAEL RYAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

### FACTORLAW'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

William J. Factor and The Law Office of William J. Factor, Ltd. (collectively, "*FactorLaw*"), counsel for Miriam R. Stein, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Michael Ryan (the "*Debtor*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$3,810.00** for legal services performed by FactorLaw during the period of March 18, 2015, through and including March 24, 2016 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{STEIN/GENERAL/00045964.DOCX/}   1

## BACKGROUND

**I.    The Bankruptcy Case.**

4. On February 16, 2015, the Debtor filed a petition for relief under chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq., the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Northern District of Illinois, thereby giving rise to this Case and Estate.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. The Trustee conducted the initial meeting of creditors in this Case on March 18, 2015.

7. Among the assets of the Estate is a life insurance policy with Mony Life Insurance (the "***Policy***") which the Debtor scheduled as having a cash surrender value of $58,231.00.

8. Additionally, on his Schedule C, the Debtor asserted an exemption in the Policy in the amount of $58,231.00 under 735 ILCS 5/12-1001(f).

9. With the approval of the Bankruptcy Court, the Trustee retained FactorLaw as her counsel, including to assist her with objecting to the Debtor's exemption and liquidating the Policy. *See* Dkt. No. 23. On an objection filed by FactorLaw, this Court denied the Debtor's asserted exemption in the Policy.

10. Thereafter, FactorLaw assisted the Trustee with liquating the Policy, as well as with administrating the Estate, including advising the Trustee with respect to tax issues and claim issues, and employing an accountant on behalf of the Estate.

## FEE APPLICATION

11. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "***Services***") provided by FactorLaw

to the Trustee by category; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **Services performed.**

12. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

13. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the Services rendered by FactorLaw, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

14. The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275 | 12.8 | $3,285.00 |
| Zane Zielinski | Partner | $350 | 1.5 | $525.00 |
| | | Totals: | 14.3 | $3,810.00 |

B. *Itemization of fees by category of Services rendered.*

15. **Objection to Exemption**. FactorLaw spent 4.2 hours at a cost of $1,130.00 preparing and prosecuting an objection to the Debtor's alleged exemption in the Policy.

16. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250.00 | 3.4 | $850.00 |
| Zane Zielinski | Partner | $350 | .8 | $280.00 |
| | | Totals: | 4.2 | $1,130.00 |

17. **Liquidation of Policy**. FactorLaw spent 3.4 hours at a cost of $850.00 liquidating the Policy on behalf of the Estate.

18. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250 | 3.4 | $850.00 |
| | | Totals: | 3.4 | $850.00 |

19. **Case Administration**. FactorLaw spent 4.6 hours at a cost of $1,295.00 advising the Trustee with respect to issues relating to the administration of this Case, including tax issues and claims issues.

20. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250.00/$275.00 | 1.50 | $397.50 |
| Zane Zielinski | Partner | $350 | .6 | $210.00 |
| | | Totals: | 2.10 | $607.50 |

21. **Professionals**. FactorLaw professionals spent 4.6 hours at a cost of $1,222.50 providing services to the Trustee relating to the employment and compensation of professionals

{STEIN/GENERAL/00045964.DOCX/}                                    4

on behalf of the Estate, including the Trustee's retention of an accountant and preparing this Application.

22. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250.00/$275.00 | 4.5 | $1187.50 |
| Zane Zielinski | Partner | $350 | .1 | $210.00 |
| | | Totals: | 4.6 | $1,222.50 |

## II. Calculation of time and fees.

23. This is FactorLaw's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

24. FactorLaw's professionals spent a total of 14.3 hours providing necessary legal services for the Trustee. As a result, FactorLaw requests compensation in the amount of $3,810.00 for actual, necessary legal services performed.

25. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

26. FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

### III. FactorLaw's retention was appropriate through the Application Period

27. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

28. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

29. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

30. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

31. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours

{STEIN/GENERAL/00045964.DOCX/}    6

reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

32. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

33. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

34. The average hourly billing rate for the professionals who performed the Services— that is, the "lodestar" rate— is $266.43. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

35. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors, the U.S. Trustee, the Debtor, and the Debtor's attorney.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$3,810.00** for legal services performed by FactorLaw;

B. Authorizing the Trustee to pay FactorLaw the allowed compensation and expenses in the total amount of **$3,810.00**; and

C. Granting such other relief as the Court deems just and equitable.

Dated: March 31, 2016

**FACTORLAW**

By: /s/ *Ariane Holtschlag*
One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233

{STEIN/GENERAL/00045964.DOCX/}                    8